# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-737V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CHRISTINE SHEA, | Filed: December 10, 2015 |
| Petitioner, | |
| v. | Attorney's Fees and Costs; |
| | Influenza ("Flu") vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Intractable headaches. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS[1]

*Ronald Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Ryan Pyles*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

      On September 25, 2013, Christine Shea filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she developed intractable headaches after receiving the influenza vaccine on October 13, 2010.[2] On June 15, 2015, the Parties filed a stipulation regarding an award for Petitioner (ECF No. 30), and

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002 (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) (hereinafter "Vaccine Act" or "the Act").

my decision issued that same day awarded the stipulated amount ($135,000) to Petitioner. ECF No. 31.

Petitioner subsequently requested an award of fees and costs reflecting work performed by her counsel, the law firm of Conway, Homer & Chin-Caplan, P.C. (the "Homer Firm") in addition to costs incurred by the Homer Firm and by her in her individual capacity in the amount of $32,270.11. Pet'r's App. for Attorney's Fees and Costs, dated Oct. 16, 2015 (ECF No. 36). Respondent filed a response on November 25, 2015 (ECF No. 38) stating that she stands by the arguments regarding the appropriate sums to be awarded to Homer Firm attorneys as set forth in the similarly-situated case, *Dolloff v. Sec'y of Health & Human Servs.*, No. 13-731V, but deferring resolution of the present application to my discretion.

Ms. Shea requests $28,492.00 in attorney's fees, plus $3,428.11 in costs incurred by Petitioner's counsel, and an additional $350.00 for costs incurred by Petitioner directly. Respondent's primary objection (consistent with arguments made in concurrent matters involving the Homer Firm) concerns the hourly rates claimed by the Homer Firm. The Federal Circuit has endorsed the use of the lodestar approach when determining what constitutes reasonable attorney's fees under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). Utilizing this approach, a special master first designates a reasonable hourly rate for the attorney in question, and then multiplies it by the number of hours that the attorney reasonably expended on the litigation. *Avera*, 515 F.3d at 1347-48.[3]

Petitioner requests attorney rates that are consistent with those established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *reconsid. den'd*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Respondent has maintained her prior objections to the *McCulloch* rates, but has also indicated that she will not devote further resources to challenging the wisdom of those rates. *See* ECF No. 38 at 1. As I have noted in other recent decisions involving the Homer Firm, I am persuaded by *McCulloch,* and will therefore apply those rates herein. *See, e.g.*, *Dolloff v. Sec'y of Health & Human Servs.*, No. 13-731, ECF No. 42 (Fed. Cl. Spec. Mstr. Nov. 23, 2015).

---

[3] After making this initial calculation, a special master may make an "upward or downward departure to the fee award based on other specific findings." *Id*. at 1348. However, there is a presumption that following this procedure results in a reasonable fees award, which may "only be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted). In requesting attorney's fees, the petitioner in a Vaccine Program case bears the burden of providing evidence to support the reasonableness of the attorney's hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 211 (2009); *Rupert v. Sec'y of Health & Human Servs*., 52 Fed. Cl. 684, 686 (2002).

The second part of the lodestar calculation is the reasonableness of the attorney time devoted to this matter.[4] Respondent has failed to identify any specific examples of unreasonable billing. Rather, she simply attempts to incorporate the arguments asserted in *Dolloff*, such as challenges to the numbers of hours billed. *See* ECF No. 38 at 1. However, special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination (*Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993)), and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies. The hours billed by Petitioner's counsel in this case appear reasonable, and I therefore see no independent reason to reduce them.

Accordingly, I hereby grant Petitioner's Application for Attorney's Fees and Costs in its entirety. An award should be made in the form of a check in the amount of $31,920.11 representing attorney's fees and costs[5], payable jointly to Petitioner and Petitioner's counsel, Conway, Homer & Chin-Caplan, PC. In addition, an award should be made in the form of a check in the amount of $350.00 representing costs incurred directly by the Petitioner, payable solely to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] A Vaccine Act petitioner should be compensated only for hours "reasonably expended" on the litigation. *Carrington v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 319, 323 (2008) (quoting *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 754 (Apr. 2, 1991)). It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction in the number of hours from 515.3 hours to 240 hours); *Edgar v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 506 (1994) (affirming the special master's awarding only 58 percent of the numbers of hours for which compensation was sought).

[5] Respondent did not in this case lodge any objection to costs incurred, and I have not independently identified any basis for reducing or limiting them. Therefore, the entirety of costs incurred by Petitioner and Petitioner's counsel are also awarded.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.